FRED A. RISSER, Chairperson Senate Organization Committee
You have requested a formal opinion of the attorney general concerning two questions:
 1) May a licensed Wisconsin funeral director, operator of a licensed funeral establishment or his/her employee (hereafter referred to as funeral service persons) receive compensation for distribution of, or making available for distribution, promotional materials for a life insurance policy which has no link, directly or indirectly, to funeral or burial services?
 2) May a funeral service person receive commissions from sales of a life insurance policy which has no link to funeral or burial services, directly or indirectly, assuming such funeral service person has obtained a valid license to sell life insurance in Wisconsin?
My answer to both questions is a guarded yes.
Section 632.41 (2), Stats., provides: "No contract in which the insurer agrees to pay for any of the incidents of burial or other disposition of the body of a deceased may provide that the benefits are payable to a funeral director or any other person doing business related to burials." Section 630.15 provides:
 No life insurer may invest directly in or, except as a loan secured by a mortgage on real estate or as a policy loan, lend money to a funeral director or cemetery or any association of funeral directors or cemeteries. No funeral director or cemetery or association of funeral directors or cemeteries may control a life insurer. *Page 183 
The purpose of these provisions is to prevent anti-competitive "tie-in" arrangements between insurers and persons in the funeral business. 630.15 W.S.A. Committee Comments (1979) and 632.41
W.S.A. Committee Comments (1975). Neither set of facts hypothesized in your questions seems to violate the letter of either of the above-quoted statutes or their anti-competitive spirit. Nevertheless, caution should be exercised by anyone contemplating a relationship between "funeral service persons," as you refer to them, and the solicitation or sale of life insurance. Such arrangements are scrutinized by the Office of the Commissioner of Insurance and the Funeral Directors and Embalmers Examining Board, both of which agencies have reported to me their concern over various "pre-need" insurance arrangements. Two such plans were reviewed by this office in recent years.
In 71 OP. Att'y Gen. 7, 8 (1982), it was concluded that section632.41 (2) did not prohibit the writing of a life insurance policy designating "a funeral director or funeral home as beneficiary . . . in conjunction with a separate agreement, between the insured and the funeral director or funeral home, to use the proceeds for funeral and burial expenses." In 76 OP. Att'y Gen. 291 (1987), it was stated that a "pre-need funeral insurance package" did violate the statute as a "thinly concealed attempt" to tie insurance and funeral services. The package was described as:
 (1) a policy of life insurance, issued by the life insurance company for which the funeral service person is acting as agent, with the purchaser as the insured, and the funeral service person, or the funeral establishment with which he or she is associated, as the beneficiary, and (2) a "separate" agreement between the insured and the funeral director or funeral establishment to use the proceeds of the insurance policy for funeral and burial expenses.
Id. at 292. Despite the form of the arrangement, the funeral director or establishment received life insurance proceeds for the *Page 184 
incidents of burial or other disposition of the body of the insured.*
Your questions are general in nature and are posed in such a way as to disclaim any linkage between life insurance and funeral or burial services. The questions state that a life insurance "policy" has no link to funeral or burial services. I do not know whether the policy contemplates making a "funeral service person" a beneficiary of the policy. Moreover, the fact that a policy has no link to funeral or burial services does not necessarily mean that there is no relationship between the insurer and the funeral service person. Thus, responding to your questions, I cannot state categorically that section 630.15, prohibiting tie-in arrangements, would not be violated.
Therefore, I reiterate my earlier statement in this opinion that the questions presented can only receive a guarded affirmative answer. Any promoter of a relationship between the sale of life insurance and the provision of funeral or burial services should carefully consider the statutes discussed in this opinion as well as the two previous attorney general's opinions and, in addition, may wish to seek the advice of the Office of the Commissioner of Insurance and the Funeral Directors and Embalmers Examining Board prior to the commencement of operations.
DJH:ESM
* It was this necessary linkage that was absent from the facts reviewed in the earlier attorney general's opinion. In other words, the "separateness" which allowed the arrangement reviewed in 1982 was absent in the "package" reviewed in 1987. *Page 185